**OREGON NATURAL RESOURCES COUNCIL, INC., a non-profit corporation; Portland Audubon Society, a non-profit corporation, Plaintiffs–Appellants,**

v.

**Orville GROSSARTH, in his official capacity as Supervisor, Fremont National Forest; John Butruille, in his official capacity as Regional Forester, Pacific Northwest Region; U.S. Forest Service, an agency of the United States, Defendants–Appellees.**

**No. 91–35790.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1992.

Decided Nov. 19, 1992.

Adam J. Berger, Seattle, Wash., for plaintiffs-appellants.

Gary Kahn, Reeves, Kahn & Eder, Portland, Or., for plaintiffs-appellants.

Victor M. Sher, Seattle, Wash., for plaintiffs-appellants.

Robert Klarquist, Dept. of Justice, Washington, D.C., for defendants-appellees.

Before: GOODWIN and SCHROEDER, Circuit Judges, and KEEP, District Judge.*

SCHROEDER, Circuit Judge:

This case arises out of the United States Forest Service's approval on August 14, 1989, of a timber sale, known as the Auger Timber Sale, in the Fremont National Forest in south central Oregon. The plaintiffs are the Oregon Natural Resources Council and the Portland Audubon Society (referred to collectively as "ONRC"). After filing several administrative appeals, they filed this action on December 4, 1989, challenging the sale on four grounds. First, ONRC alleged violations of the National Environmental Policy Act, ("NEPA") 42 U.S.C. §§ 4321 *et seq.*, because of the Service's alleged failure to prepare an Environmental Impact Statement ("EIS") analyzing the effects of logging on the proposed area. Second, ONRC alleged violations of the Forest Service Regulations establishing a Research Natural Area ("RNA") under 36 C.F.R. § 251.23. Third, ONRC alleged violations of the National Forest Management Act, because the proposed sale would leave more than thirty percent of the watershed in cut-over condition. 16 U.S.C. §§ 1600 *et seq.* Fourth, ONRC alleged violations of Oregon water quality standards.

While the case was pending in district court, however, the Regional Forester, as a result of the plaintiffs' administrative appeal, ordered the sale halted and directed the preparation of an EIS. The Forest Service then moved to dismiss this litigation as moot on March 5, 1990, and the district court granted the motion. The district court agreed with the Forest Service that the cancellation of the sale pending preparation of an EIS mooted ONRC's

---

* The Honorable Judith N. Keep, Chief Judge, United States District Judge for the Southern District of California, sitting by designation, was not present for oral argument. She has read the briefs, reviewed the record, and was able to listen to the tape of oral argument.

claims in this case because at the time of the district court's ruling, there was no longer any sale to be conducted. It was apparent that any future sale would be based on a different administrative record. This appeal followed.

■ In this appeal, ONRC contends that the Service's cancellation of its timber sale and its undertaking to prepare an EIS as ordered by the Regional Forester do not render ONRC's claims moot because the Service will continue to offer timber for sale in the Augur Creek Area once this lawsuit is terminated. This assertion is by no means borne out by the record before the district court. That record reflects simply that the Forest Service has canceled the original sale and is preparing an EIS that will consider a "no action" alternative. According to the Service, the EIS will also address the merits of the claims raised by ONRC in this litigation, which are similar to the claims brought in ONRC's administrative appeal.

ONRC also contends that the case is not moot, because the halting of the sale by the Regional Forester is a "voluntary cessation" that does not render a case moot unless the defendants can show that there is "no reasonable expectation" of a recurrence of the alleged violation. *See County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979); *United States v. W.T. Grant Co.,* 345 U.S. 629, 632, 73 S.Ct. 894, 896, 97 L.Ed. 1303 (1953); *Luckie v. EPA,* 752 F.2d. 454, 458 (9th Cir.1985). In this case, however, the Service's cancellation of the Auger Sale and its announcement that it would prepare an EIS in compliance with NEPA for any future sales was not a voluntary cessation within the meaning of that doctrine, but was instead the result of ONRC's successful administrative appeal. Accordingly, ONRC's invocation of the voluntary cessation theory is misplaced. Moreover, even if the Service's withdrawal of the sale could be described as voluntary, there is in the record before the district court no basis on which we could form a "reasonable expectation" that there will be a recurrence of

the same allegedly unlawful conduct by the Forest Service in the future.

■ ONRC points to the fact that in its cancellation of the Auger Sale, the government stated that it would offer another sale after preparing the EIS; it contends that this preannouncement saves the present lawsuit from mootness. The government responds that ONRC cannot yet mount a challenge to a different sale because the controversy concerning that sale is not yet ripe for adjudication. Again, on the basis of the record before the district court in this case, the government's contention is correct, because the nature and effect of that sale cannot yet be assessed. *See Abbott Labs. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967), *overruled on other grounds, Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

Anticipating the outcome of this appeal on the basis of the existing record, ONRC has moved to supplement the record in this court by bringing before us the FEIS and the accompanying second Augur Sale offering that have been prepared during the pendency of this appeal. There is a dispute between ONRC and the government as to whether and to what extent the second sale offering differs from the original Augur Sale. ONRC has filed an administrative appeal concerning the second offering, and the government has orally represented to this court that the second offering has also been halted while the administrative appeal is pending.

■ These intervening events, including matters which are not only not part of the district court record but not yet a part of the appellants' supplementary materials offered to this court, present issues which are difficult for an appellate court to evaluate in the first instance. Appellants may wish to contend more vigorously that, despite the administrative cancellation of sales previously announced, there should be judicial review of a proposed sale in the Augur Creek Area for violation of applicable environmental statutes and regulations. *See Sierra Club v. Robertson,* 764 F.Supp. 546, 548–50 (W.D.Ark.1991) (recognizing

that "the Forest Service has developed a practice of making, withdrawing, and reinstating timber sales and forest policy decisions in a way that might forestall judicial review indefinitely if left unchecked"). Evaluation of such contentions and other issues related to the justiciability of the appellants' challenges to the sales that have been proposed should be considered in the first instance by a district court in separate litigation which can develop an independent record. The motion to supplement is therefore DENIED and the judgment of the district court dismissing this action on the basis of the record before it at the time of entry of judgment is AFFIRMED.